## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROLANDO PENA and MANUEL PENA JR.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:22-cv-474** |
| | § | |
| **PENNYMAC LOAN SERVICES, LLC,** | § | |
| *Defendant.* | § | |
| | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant PennyMac Loan Services, LLC ("Defendant") removes this action from the 288th Judicial District Court for Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, as follows:

### I.      STATE COURT ACTION

1.      On April 28, 2022, Plaintiffs Rolando Pena and Manuel Pena Jr. ("Plaintiffs") filed their Plaintiffs' Original Petition (the "Petition") in the 288th Judicial District Court for Bexar County, Texas, in an action styled *Rolando Pena and Manuel Pena Jr. v. PennyMac Loan Services, LLC,* Cause No. 2022CI07929 (the "State Court Action").

2.      In the State Court Action, Plaintiffs seek injunctive relief to enjoin a sale of real property located at 7110 Clipper Ridge, Converse, Texas 78109 (the "Property"). *See* Petition at 2–4.   Plaintiffs assert a fraud claim premised on the allegation that Defendant made false representations that Defendant would not foreclose on the Property. *See* Petition at 2–4.   On May 2, 2022, Plaintiffs obtained an *ex parte* temporary restraining order enjoining the May 3, 2022 foreclosure sale.

3.      Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.      PROCEDURAL REQUIREMENTS

4.      This action is properly removed to this Court, as the lawsuit is pending within the district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(d)(4).

5.      Defendant has not been properly served with a citation and copy of the Petition in this matter.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the Petition in the State Court Action.  Defendant will supplement the state court file with any additional process, pleadings, and orders promptly upon receipt of the same.

7.      Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously with the filing of this Notice of Removal (1) serving Plaintiffs with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 288th Judicial District Court for Bexar County, Texas.  A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

8.      The United States District Court for the Western District of Texas, San Antonio Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiffs, and the amount in controversy exceeds the minimum jurisdictional amount.  *See* 28 U.S.C. § 1332(a).

## III.      DIVERSITY JURISDICTION

9.      The Court has diversity jurisdiction in this matter.  Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest

---

[1]Defendant has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

and costs, an action may be removed to federal court.  *See* 28 U.S.C. §§ 1332(a), 1441(a).
Complete diversity exists in this case because Plaintiffs are not citizens of the same state as
Defendant.  Additionally, this action involves an amount in controversy that exceeds $75,000,
exclusive of interest and costs.

A.    THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

10.    Plaintiffs are natural people, so their citizenship for diversity purposes is
determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the
intent to remain there indefinitely."  *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at
*3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-
56 (5th Cir. 1985)).  Plaintiffs are domiciled in Bexar County, Texas.  *See* Petition at 1 and
Affidavit.  Therefore, Plaintiffs are citizens of Texas for diversity purposes.

11.    Defendant PennyMac Loan Services, LLC is a Delaware limited liability company.
Thus, its citizenship for diversity purposes is determined by the citizenship of its members.  *Harvey
v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079-80 (5th Cir. 2008).  Defendant is wholly owned
by its sole member Private National Mortgage Acceptance Company, LLC ("PNMAC").  PNMAC
is a Delaware limited liability company owned by its two members (1) PennyMac Financial
Services, Inc., a publicly held Delaware corporation with a principal place of business located in
Westlake Village, California, and (2) PNMAC Holdings, Inc., a Delaware Corporation with its
principal place of business located in Westlake Village, California.  Thus, Defendant is a citizen
of Delaware and California.

12.    Because Plaintiffs are citizens of Texas and Defendant is a citizen of Delaware and
California, complete diversity exists.  *See* 28 U.S.C. § 1332(c)(1).

**B.    AMOUNT IN CONTROVERSY**

13.    Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14.    The Court may consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co*., 134 F.3d at 1253 n.7.

15.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th

Cir. 1961)); *see also Alsobrook v. GMAC Mortg., LLC*, 541 F. App'x 340, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).  Where a plaintiff files suit specifically seeking to enjoin the foreclosure of real property, the amount in controversy is the "current appraised fair market value of the [p]roperty" itself because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property."  *Berry*, 2009 WL 2868224 at *3.

16.     Based on a review of the Petition and the evidence presented, the amount at issue also exceeds $75,000, exclusive of interest and costs, because Plaintiffs seek injunctive relief to preclude the foreclosure sale of the Property, thereby resulting in the entire value of the Property being squarely at issue.  *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *see also Nationstar Mortg. LLC*, 351 F. App. at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-48; *Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App. 340, 342 (5th Cir. 2013).  According to the Bexar County Appraisal District, the market value of the Property is $243,360.   *See* **Exhibit C**.[2]

17.     In addition, Plaintiffs assert a cause of action for fraud, requesting unspecified actual damages.  *See* Petition at 2–3.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Bexar County Appraisal District tax record for the Property.

18.     Although Defendant vehemently denies that Plaintiffs are entitled to any damages, injunctive or other relief, once the amount of damage sought by Plaintiffs is included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

## IV.     PRAYER

WHEREFORE, Defendant removes this action from the 288th Judicial District Court for Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**B. David L. Foster**
Texas Bar No. 24031555
**Daniel Durell**
Texas Bar No. 24078450
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
daniel.durell@lockelord.com

**Thomas G. Yoxall**
Texas Bar No. 00785304
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
tyoxall@lockelord.com

**ATTORNEYS FOR DEFENDANT**
**PENNYMAC LOAN SERVICES, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 13th day of May, 2022, to the following:

**VIA EMAIL AND FIRST CLASS MAIL**
Ramon S. Rodriguez Jr.
Rodriguez & Garza, P.L.L.C.
247 W. Olmos Drive, Suite 200
San Antonio, Texas 78212
rsrjr04@hotmail.com
*Attorney for Plaintiffs*

_____
Daniel Durell